UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

M.G., *on behalf of herself and her minor child,* D.G.,

                                  Plaintiff,

                     -v-

NEW YORK CITY DEPARTMENT OF
EDUCTION, NEW YORK CITY BOARD
OF EDUCATION, and CHANCELLOR
RICHARD CARRANZA, *in his official capacity*,

                                  Defendants.

19 Civ. 3092 (PAE)

<u>ORDER</u>

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On August 7, 2020, the Court entered an order granting in part and denying in part plaintiff M.G.'s motion for leave to file a second amended complaint. On August 12, 2020, M.G. moved for reconsideration of that order. For the following reasons, M.G.'s motion for reconsideration is granted.

**I.     Background**

The Court assumes familiarity with the August 7 order, including its summary of this case's history. Relevant here, on July 17, 2020, M.G. sought leave to file a second amended complaint. Dkt. 39 ("Pl. Mot. for Leave"); Dkt. 39-1 ("SAC"). The SAC sought mainly to add claims relating to events that transpired after M.G. filed her first amended complaint, including those concerning the recent period of remote learning occasioned by the COVID-19 pandemic. *See* Pl. Mot. for Leave at 2. On August 4, 2020, defendants (the "DOE") opposed this motion in part, "to the extent that it includes allegations concerning the period of remote learning," noting that "the facts and circumstances before March of 2020 and after could not be more distinct." *See* Dkt. 41 at 2.

On August 7, 2020, the Court granted M.G.'s motion in part, but held that the inclusion of some of the SAC's allegations would be futile. Dkt. 42. The basis for this holding was that certain claims regarding the end of the 2019–2020 school year and beginning of the 2020–2021 school year had not yet been administratively exhausted, as is generally required by the Individuals with Disabilities in Education Act ("IDEA"). *Id.* at 3–4. With respect to the SAC's other allegations, the Court granted leave. *Id.* at 5.

On August 12, 2020, M.G. moved for reconsideration or clarification of the August 7 order, raising various considerations not addressed in the parties' initial filings or in the Court's August 7 order. *See* Dkt. 43 ("Pl. Ltr."). First, M.G. argues that allegations about the DOE's violation of a "pendency," or "stay-put," order are not subject to the IDEA's general exhaustion requirement. *Id.* at 2–3; *see Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530–31 (2d Cir. 2020). Second, she argues that allegations regarding the DOE's failure to implement a favorable prior decision by an Informal Hearing Officer ("IHO") also need not be exhausted. Pl. Ltr. at 3–4; *see, e.g.*, *SJB ex rel. Berkhout v. N.Y.C. Dep't of Educ.*, No. 03 Civ. 6653 (NRB), 2004 WL 1586500, at *4–5 (S.D.N.Y. July 14, 2004). Finally, she argues that, even absent a pendency claim or IHO decision, her challenge to the DOE's failure to assign an IHO for her 2020–2021 due process complaint need not be exhausted before an IHO, because such exhaustion would be impossible, and because it is related to systemic claims that need not be exhausted. Pl. Ltr. at 4–5.

The DOE counters that, because the 2019–2020 IHO proceedings had concluded by the time the DOE cancelled in-person classes, claims relating to the spring 2020 period of remote learning cannot be based on pendency, but must rather arise from the 2019–2020 IHO decision. Dkt. 45 ("Def. Ltr.") at 2. It also argues that the SAC did not allege a failure to implement the IHO decision for 2019–2020 and that its claims relating to the period of remote learning in

2

spring 2020 are best understood as compensatory education claims, which must be exhausted. *Id.* The DOE further argues that the Court should not consider the issue of IHO shortages because it was not alleged in the SAC and, in any event, the fact that M.G. has not yet been assigned an IHO does not render exhaustion impossible. *Id.* at 3. Finally, the DOE contends that none of the claims with respect to which the Court denied leave to amend are systemic. *Id.* at 3–4.

In her reply, M.G. confirmed that the DOE still has not assigned an IHO or implemented pendency for the 2020–2021 school year. Pl. Reply at 1. Further, she clarified that the SAC's allegations regarding the period of remote learning during the 2019–2020 school year were based on the DOE's alleged failure to implement the IHO decision for that year, not on pendency or other compensatory education claims. *Id.* at 2. Finally, she argues that claims relating to the DOE's response to the COVID-19 pandemic must be considered systemic. *Id.*

## II. Legal Standard Governing Reconsideration

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

**III.    Discussion**

As an initial matter, M.G. and the DOE agree that allegations regarding the DOE's failure to implement pendency in the 2020–2021 school year are not subject to the IDEA's exhaustion requirement. *See* Def. Ltr. at 2, 3 n.4. Upon reconsideration, the Court also agrees. *See Ventura de Paulino*, 959 F.3d at 531 ("[W]here an action alleges a violation of the stay-put provision, such action falls within one, if not more, of the enumerated exceptions to the IDEA's exhaustion requirement." (citation omitted)). M.G.'s allegations that the DOE has failed to implement pendency during the 2020–2021 school year are therefore not futile, and may be included in the SAC.[1]

Second, M.G. and the DOE appear also to agree that, in general, suits alleging a failure to implement an IHO decision are not subject to the IDEA's exhaustion requirement. *See* Pl. Ltr. at 3–4; Def. Ltr. at 2; *see also, e.g.*, *SJB ex rel. Berkhout*, 2004 WL 1586500, at *4–5. The DOE contends, however, that the SAC's claims regarding spring 2020 should not be considered such a challenge. *See* Def. Ltr. at 2. This is so, the DOE argues, either because the SAC did not allege as much or, even if it did, because the facts and circumstances of the remote learning required by COVID-19 are "better understood as compensatory education claims" that are subject to the IDEA's exhaustion requirement. *Id.*

---

[1] The DOE argues that, even if this is so, M.G. may not bring pendency claims as to spring 2020 because, by then, the IHO proceeding had concluded. Thus, D.G.'s "entitlement to services in Spring of 2020 would have been based on [the IHO's] decision, not pendency." Def. Ltr. at 2. M.G. does not appear to dispute this point now, even though the SAC includes allegations regarding pendency in spring 2020. *Compare* SAC ¶ 51 ("Defendants did not provide an adequate program of implementing pendency for D.G. during the spring of 2020."), *with* Pl. Ltr. at 2–4. However, it is not clear that such claims would necessarily be futile. *See, e.g.*, *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014) (construing the IDEA's pendency provision to apply through the resolution of "administrative *and judicial* proceedings" (emphasis added)). So, although the Court no longer understands M.G. to be pressing pendency claims as to spring 2020, it does not deny leave to include such claims as futile.

As to the first point, the DOE is correct that nothing in the SAC or motion for leave suggested that M.G.'s challenge regarding the DOE's remote learning plan for D.G. was based on violations of the IHO's decision for the 2019–2020 school year.  *See* SAC ¶ 50 (alleging simply that "Defendants did not implement a legally adequate remote learning plan for D.G."). However, the parties' ensuing submissions have clarified that M.G.'s challenge to the "remote learning plan for D.G." adopted in spring 2020 relates to the DOE's "implementation of the [IHO decision] for the 2019–2020 school year."  Pl. Reply at 2; *see also* Pl. Ltr. at 3.  With MG.'s claims thus construed, they do not present challenges beyond the alleged violation of the IHO's order for the 2019–2020 school year.  As such, they are not subject to the IDEA's exhaustion requirement.

As to the DOE's second argument, the Court disagrees that this challenge must be considered a compensatory education claim.  Although the COVID-19 pandemic has drastically changed the means by which educational services are provided, the DOE has presented no authority suggesting that such a change relieves it of its existing obligations under the IDEA, much less authority mandating that result so clearly as to render the inclusion of M.G.'s new claims futile.  *See* Def. Ltr. at 2.  Thus, on the understanding that M.G.'s claims regarding spring 2020 arise only from the DOE's alleged failure to implement the IHO decision for the 2019–2020 school year, the Court, upon reconsideration, holds that those claims are also not subject to the IDEA's exhaustion requirement.  *See SJB ex rel. Berkhout*, 2004 WL 1586500, at *4–5.  Their inclusion in the SAC therefore would not be futile, and they may be included in the SAC.  Given the context that the parties' letters on reconsideration supply, the Court's prior ruling to the contrary was in error.

5

Third, the parties dispute the propriety of M.G.'s allegation regarding the DOE's failure to assign an IHO to her 2020–2021 due process complaint. The Court, like the DOE, *see* Def. Ltr. at 3, did not initially understand the SAC's proposed amendments to seek relief specifically regarding the DOE's apparent delay in assigning an IHO to this complaint. However, M.G. is correct that, when a party challenges the procedures to which she would need to resort in order to satisfy an exhaustion requirement, exhaustion is generally excused. *See Heldman ex rel. T.H. v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992). Therefore, reading the SAC in light of the parties' ensuing submissions, the Court agrees that exhaustion is not required for this claim to the extent it alleges that the delay in the IHO proceeding itself is unlawful.

Finally, because the above discussion resolves, in M.G.'s favor, each of the SAC's proposed amendments as to which she has sought reconsideration, the Court does not have occasion to address whether any allegations are independently exempted from the IDEA's exhaustion requirement on the basis that they address systemic issues.

In light of this analysis, M.G.'s motion for reconsideration must be granted. Without repeating old arguments or making new ones, M.G. clarified the nature of her allegations and focused the Court on aspects of the SAC that the Court initially overlooked or misunderstood. She further alerted the Court to controlling law as to these claims, now properly understood. While the standard for reconsideration is strict, it is met in this case.

## CONCLUSION

For the foregoing reasons, M.G.'s motion for reconsideration is granted. The Court grants M.G. leave to file the SAC as originally submitted, on the understandings set forth above.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 43. M.G. is directed to file the SAC no later than August 24, 2020.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 20, 2020
       New York, New York